UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTIN J. DONOVAN | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:12 CV00549 (VLB) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | June 26, 2012 |
| Defendant | : | |

# RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Complaint filed:**           April 12, 2012

**Date Complaint Served:**     April 23, 2012

**Defendant's Appearance:**    April 25, 2012

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, counsel for the parties have conferred. The participants were:

**For the Plaintiff, MARTIN J. DONOVAN:**

    William S. Palmieri, 129 Church Street, Suite 405, New Haven, CT 06510

**For the Defendant, YALE UNIVERSITY:**

    Patrick M. Noonan, Esquire, Donahue, Durham & Noonan, P.C., 741 Boston Post Road, Guilford, CT 06437

## I. CERTIFICATION

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

Subject matter jurisdiction is based on 28 U.S.C. §§1331, 1337, 1343, 1343(3) and/or 1367(a).

### B. Personal Jurisdiction

The defendant does not contest personal jurisdiction.

## III. BRIEF DESCRIPTION OF CASE

### A. Plaintiff's claims:

Plaintiff, a 62 year old gentleman, alleges that Yale University discriminated against him by terminating his employment based upon his age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 USCA §§621 and the Connecticut Fair Employment Practices Act, §§46a-58(a) et seq. He is also making a claim for the intentional infliction of emotional distress.

**B.     Defendant's claims and defenses**:

As of April, 2010, at age 61, plaintiff was employed as the Clinical Administrator of the Department of Ophthalmology. At a meeting on April 5, 2010 to discuss the Department of Ophthalmology's budget, plaintiff was unable to provide a coherent explanation of the Ophthalmology Department's finances to representatives of the Yale School of Medicine's Dean's Office. As a result, the Yale Medical Group undertook a comprehensive assessment of the Ophthalmology Department's clinical practice. The report contained findings demonstrating plaintiff's gross mismanagement of the clinical practice and his unsatisfactory performance. The findings relating to plaintiff's poor performance were summarized in the August 23, 2010 letter which removed him from his role as Clinical Administrator. He was advised that he was being temporarily reassigned to Medical School Financial Operations for 90 days so that he could search for a job and that, at the end of the 90 days, his employment with Yale University would be was terminated. He was given several extensions and was ultimately terminated on March 31, 2011, at which time he had found another position.

**IV.     STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff was employed by Yale University as a Clinical Administrator of the Department of Ophthalmology.

2. Plaintiff was terminated on March 31, 2011.

V.   **CASE MANAGEMENT PLAN**

    A.   **Standing Order on Pretrial Deadlines**

The parties do not request modifications to the Standing Order on Scheduling in Civil Cases as to the close of pleadings.  Therefore:

    Answer or Motion to Dismiss due by:   July 12, 2012

    Complete Written Discovery by:   October 12, 2012

    Dispositive Motions due by:   November 11, 2012

    B.   **Scheduling Conference with Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.   **Early Settlement Conference**

    1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties will reevaluate settlement prospects following initial disclosures and the deposition of Plaintiff.

    2.   The parties will not request an early settlement conference.

    3.   The parties prefer a settlement conference with a Magistrate Judge.

    4.   The parties do not request a referral for alternative dispute resolution at this time.

    **D.**    **Joinder of Parties and Amendment of Pleadings**

        1.    Defendant should be allowed until August 1, 2012, to file motions to join additional parties, to amend its answer to the complaint, and to respond to any amended pleading. Defendant reserves the right to seek leave to file an amended pleading after that date pursuant to the applicable standards under Fed. R. Civ. P. 15.

    **E.**    **Discovery**

        1.    The parties anticipate that discovery will be needed on all claims set forth by plaintiff in the complaint and any defenses raised by the defendant.

        2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately and completed by March 14, 2014.

        3.    Discovery will not be conducted in phases.

        4.    The parties anticipate that the plaintiff will require a total of five (5) depositions of fact witnesses and that the defendants will require a total of _____ depositions of fact witnesses. The depositions will commence immediately and be completed by April 15, 2013.

        5.    The parties do not request permission to serve more than twenty-five interrogatories.

6. Plaintiff may call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 14, 2013. Depositions of any such experts will be completed by July 12, 2013.

7. Defendant may call expert witnesses at trial.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 12, 2013. Depositions of such experts will be completed by December 12, 2013.

8. A damages analysis will be provided by plaintiff who has a claim or counterclaim for damages by October 12, 2012.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to preserve electronically stored records (as they may exist) retroactive to January 1, 2010.  The parties will reach further agreement on exactly the form the disclosure of electronic information will take.  Both sides agree to instruct the parties to preserve these records. As more

information becomes available, the parties will reach an agreement on costs of the electronic discovery.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree that if any information that is privileged or subject to work-product protection is disclosed, the disclosing party will have 14 days from the disclosure to assert the privilege or work-product protection and seek the return of the information. The party to whom the information is disclosed agrees not to review the information after the assertion of privilege or work-product and further to not duplicate that information or further disclose it.

## F. Dispositive Motions

The parties will file any dispositive motions by April 14, 2014.

## G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Memoranda in Civil Cases will be filed 21 days before trial.

## VI. TRIAL READINESS

The case will be ready for trial by June 10, 2014.

8

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

      THE PLAINTIFF
      MARTIN DONOVAN

BY:_____/s/_____
      William S. Palmieri  (ct14361)
      129 Church Street, Suite 405
      New Haven, CT 06510
      (203) 562-3100


      THE DEFENDANT
      YALE UNIVERSITY

BY:_____/s/_____
      Patrick M. Noonan (ct00189)
      Donahue, Durham & Noonan, P.C.
      741 Boston Post Road
      Guilford, CT 06437
      (203) 458-9168