UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTIN J. DONOVAN | : | |
| | : | |
|    Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:12 CV00549 (VLB) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
|    Defendant | : | JULY 17, 2012 |

## DEFENDANT'S ANSWER

### COUNT ONE

1-2.     Paragraphs 1 and 2 are statements of jurisdiction to which no response is required.

3-4.     The allegations contained in Paragraphs 3 and 4 are admitted.

5-6.     The allegations contained in Paragraphs 5 and 6 are denied as written.  Yale University admits that it would be subject to vicarious liability for the wrongful acts of the Yale Medical School, the Yale Medical Group, and their agents, officers, and employees, if any such wrongful acts had occurred.

7.     The allegations contained in Paragraph 7 are denied, except to admit that the plaintiff exhibited some strengths during his employment with the defendant.

8.     The defendant admits that the plaintiff worked at the Yale School of Medicine from November 16, 1998 to March 31, 2011, and otherwise denies

DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK  •  741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL:  (203) 458-9168  •  FAX:  (203) 458-4424
JURIS NO. 415438

knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 8.

9. The allegations contained in Paragraph 9 are admitted.

10. The allegations contained in Paragraph 10 are denied.

11. The defendant admits that, in February 2006, the plaintiff was appointed the interim Administrator for the Department of Ophthalmology & Visual Science in addition to the plaintiff's role in the Yale Medical Group. The defendant denies that this appointment was made "due to the excellence of the plaintiff's work."

12. The defendant admits that the plaintiff was the interim Administrator for the Department of Ophthalmology & Visual Science from February, 2006 to August, 2006. The defendant admits that the plaintiff was thereafter asked to take the position of Administrator on a permanent basis. The defendant denies the remaining allegations of Paragraph 12.

13. The allegations contained in Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied except to admit that the Department had run a deficit in the past and that the deficit had decreased for a short period of time before increasing.

15.-17 The allegations contained in paragraphs 15 through 17 are denied. However, it is admitted that YMG staff discovered in May, 2010 that the billing activity in the plaintiff's department had lagged far behind, and YMG staff

processed approximately $300,000 in old charges in an effort to bring the billing current.

18. The allegations contained in Paragraph 18 are denied as stated. It is admitted that Ms. Cappezone had heard through the "rumor mill" that the plaintiff was considering accepting a voluntary layoff incentive which had been made to certain Yale employees.

19. The allegations contained in Paragraph 19 are denied.

20. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore leaves plaintiffs to his proof.

21. The defendant admits that the plaintiff informed Assistant Dean Capezzone that he was not planning on applying for the voluntary layoff. The defendant denies the remaining allegations contained in Paragraph 21.

22. The defendant admits that the plaintiff asked Assistant Dean Capezzone which individual had suggested that the plaintiff was considering accepting the voluntary layoff incentive. The defendant denies that Assistant Dean Capezzone "would not reveal" to the plaintiff where or from whom this statement came. However, she did tell the plaintiff that she did not recall the source of the rumor.

23.     The allegations contained in Paragraph 23 are denied except that the defendant admits that the plaintiff met with the Deputy Dean for Finance and Administration for the Yale School of Medicine, Dr. Cynthia Walker.

24.     The allegations contained in Paragraph 24 are admitted, except for the allegation that Dr. Cynthia Walker is the Deputy Dean for Finance and Administration for Yale University.  Dr. Cynthia Walker is the Deputy Dean for Finance and Administration for Yale University School of Medicine.

25-26.  The allegations contained in Paragraphs 25 and 26 are denied. However, it is admitted that the plaintiff volunteered to Ms. Walker that he was not planning on accepting the voluntary layoff incentive, to which she responded that he was not eligible for it.

27-30.  The allegations contained in Paragraphs 27, 28, 29, and 30 are denied.

31-33.  The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 31 through 33 and therefore leaves the plaintiff to his proof.

34-37.  The allegations contained in Paragraphs 34, 35, 36, and 37 are denied, except to admit that Ms. McHugh spoke with several members of the department in response to plaintiff's request more than a year after the incidents alleged, and Ms. McHugh could not determine whether the allegations were correct or not.

**38-42.** The allegations contained in Paragraphs 38 through 42 are denied.

**43.** The allegations contained in paragraph 43 are denied, except to admit that Dr. Walker and Dr. Tsai informed the plaintiff that a draft report prepared by YMG had cast serious doubt on the plaintiff's ability to effectily manage his department. The plaintiff was not at that time provided with a copy because the report has not been finalized.

**44.** The allegations contained in paragraph 44 are denied.

**45.** The defendant admits that the plaintiff was never disciplined. The defendant denies the remaining allegations contained in Paragraph 45.

**46.** The defendant admits that Dr. Tsai informed the plaintiff that the informed discovered during the Yale Medical Group Clinical Operations Assessment of the department had caused him to lose confidence in the plaintiff. The remaining allegations contained in Paragraph 46 are denied.

**47.** The defendant admits that the plaintiff was informed that he should be concerned about his job. The remaining allegations of Paragraph 47 are denied.

**48.** The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore leaves the plaintiff to his proof.

**49.** The allegations contained in Paragraph 49 are admitted.

50. The defendant refers to the written warning for the contents thereof..

51. The allegations contained in Paragraph 51 are admitted. However, the plaintiff's employment was thereafter extended.

52. The allegations contained in Paragraph 52 are denied.

53. The defendant admits that in a letter dated November 15, 2010, Dr. Walker stated: "Based on your valuable contributions to the clinical accounts receivable and other projects, I am pleased to inform you that your last day at Yale has been extended to February 28, 2011." The remaining allegations contained in Paragraph 53 are denied.

54. The defendant admits that in a letter dated February 21, 2011, Dr. Walker extended plaintiff's employment to March 31, 2011. The remaining allegations contained in Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 are admitted.

56. The defendant admits that the plaintiff hired as a casual in the Internal Medicine Department. The remaining allegations contained in Paragraph 56 are denied.

57-58. The allegations contained in Paragraph 57- 58 are denied.

59. The allegations contained in Paragraph 59 are admitted.

60-62. The allegations contained in Paragraphs 60 through 62 are denied.

**COUNT TWO**

**1-61.** The responses to the allegations contained in Paragraphs 1 through 61 of Count One are hereby incorporated as the responses to the allegations contained in Paragraphs 1 through 61 of Count Two.

**62-63.** The allegations contained in Paragraphs 62 and 63 are denied.

**COUNT THREE**

**1-61.** The responses to the allegations contained in Paragraphs 1 through 61 of Count One are hereby incorporated as the responses to the allegations contained in Paragraphs 1 through 61 of Count Three.

**62-67.** The allegations contained in Paragraphs 62 through 67 are denied.

                    THE DEFENDANT
                    YALE UNIVERSITY

BY:   /s/ Patrick M. Noonan  (#ct00189)
        Patrick M. Noonan
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        (203) 458-9168

## CERTIFICATION

  I hereby certify that, on the above-written date, a copy of the foregoing Appearance was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                    _____/s/_____
                      **Patrick M. Noonan**