UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN J. DONOVAN | : |
| Plaintiff | : CIVIL ACTION NO.: |
| | : 3:12 CV00549 (VLB) |
| vs. | : |
| YALE UNIVERSITY | : |
| Defendant | : MAY 10, 2013 |

### DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

On April 26, 2013, the Court ordered the parties to file by Monday, May 13, 2013 a joint statement of undisputed facts as to the dates of the events relevant to this action, including the dates of any CHRO or EEOC filings and/or determinations, such that the Court may determine its jurisdiction over this matter. On April 30, 2013, defense counsel forwarded plaintiff's counsel a proposed Joint Statement of Undisputed Facts, the content of which appears below. Plaintiff's counsel agreed to Paragraphs 3, 4, 6, 7, and 8. Although Plaintiff's counsel indicated that he did not want to include Paragraphs 1, 2, and 5, he did not object to the accuracy of the statements included in those paragraphs or provide any other reason for their exclusion. On May 1, 2013, defense counsel advised plaintiff's counsel that all of the dates included in the proposed Joint Statement of Undisputed Facts were relevant and invited plaintiff's counsel to inform defense counsel of any inaccuracies. Since

defense counsel has not received a response from plaintiff's counsel as of this date, the defendant submits the following statement of undisputed facts.

1. On August 23, 2010, the plaintiff was terminated from his position as Clinical Administrator in the Department of Ophthalmology. At that time, he was temporarily assigned to the Medical School Financial Operations. The plaintiff was informed that his employment with the defendant would terminate at the end of the 90 day temporary assignment. See, Exhibit A to Affidavits of Cynthia Walker and James Tsai, M.D.

2. On November 15, 2010, the plaintiff's last day of employment with the defendant was extended to February 28, 2011. See, Exhibit B to Affidavit of Cynthia Walker.

3. On February 21, 2011, the plaintiff's last day of employment with the defendant was extended to March 31, 2011. See, Exhibit C to Affidavit of Cynthia Walker.

4. On April 8, 2011, the Connecticut Commission of Human Rights and Opportunities received the plaintiff's Affidavit of Illegal Discrimination, which was dated April 1, 2011 and notarized on April 7, 2011. See, Exhibit A to Local Rule 56(a)(1) Statement.

5. February 19, 2011, a Saturday, was the 180th day following August 23, 2010.

6. On September 30, 2011, the Connecticut Commission on Human Rights and Opportunities completed its Merit Assessment Review and retained the plaintiff's complaint for investigation. A copy of the Merit Assessment Review is attached hereto as Exhibit A.

7. On January 17, 2012, the Connecticut Commission on Human Rights and Opportunities released its jurisdiction over the plaintiff's complaint. A copy of the Release of Jurisdiction is attached hereto as Exhibit B.

8. On April 12, 2012, the plaintiff filed his complaint with the United States District Court for the District of Connecticut.

THE DEFENDANT
YALE UNIVERSITY

BY: /s/ Patrick M. Noonan (#ct00189)
Patrick M. Noonan
Colleen Noonan Davis (#27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing Defendant's Statement of Undisputed Facts was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan

# EXHIBIT A

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES



# MERIT ASSESSMENT REVIEW

Martin J. Donovan
COMPLAINANT

VS.

Yale University
RESPONDENT

RECEIVED
OCT 17 2011
OFFICE OF THE
GENERAL COUNSEL

CHRO CASE FILE NO. 1130421
EEOC NO. 16a201101105

DATE FILED: 4/8/11
DATE FILED: 4/8/11

CONN. GEN. STAT. § 46a-83(b) requires the Commission on Human Rights and Opportunities (CHRO) to conduct a merit assessment review (MAR) of this complaint. The purpose of the MAR review is to determine whether the complaint should be retained for a full investigation or dismissed. The Commission will retain a complaint unless dismissal is required by one of the standards below.

**MERIT ASSESSMENT STANDARD 1 – Does the complaint fail to state a claim for relief?**
This standard requires the CHRO to accept as true all of the allegations of the complaint. Accepting the allegations of the complaint as true, and reading the complaint in a light most favorably to the complainant without considering the answer, Schedule A responses, rebuttal or any other document,

1. Does the complaint claim a protected class basis for the treatment in question?
2. Does the complaint claim an injury?
3. Does the complaint claim an injury based upon the complainant's class basis?
4. Was the complaint filed in a timely manner or does the continuing violation theory, waiver, estoppel or other equitable doctrine apply?

(x) The complaint states a claim for relief.

( ) The complaint fails to state a claim for relief and should be dismissed because:

**MERIT ASSESSMENT STANDARD 2 – Is the complaint frivolous on its face?**

A complaint is frivolous on its face if the complaint itself—without looking at the answer, Schedule A responses, rebuttal or any other document—lacks an arguable basis in fact or law. A complaint is not frivolous if the allegations appear unlikely to be true or if the information currently in the file does not support the complainant.

    (x) The complaint alleges a viable claim.

    ( ) The complaint is frivolous and should be dismissed because:

**MERIT ASSESSMENT STANDARD 3 – Is the respondent exempt from the provisions of Chapter 814c of the Connecticut General Statutes?**

A respondent is exempt if any of the following apply:

1. The complainant is not an "employee" as defined in CONN. GEN. STAT. § 46a-51(9).
2. The respondent is not an "employer" as defined in CONN. GEN. STAT. § 46a-51(10) because it employs less than three employees.
3. The respondent is not a "creditor" as defined in CONN. GEN. STAT. § 46a-65(2).
4. The respondent is not a "place of public accommodation" as defined in CONN. GEN. STAT. § 46a-63(1).
5. The respondent is the federal government or an agency of the federal government.
6. The respondent is a business owned and operated by a federally recognized Indian tribe.
7. This is a sexual orientation complaint and the respondent is a religious corporation exempt under CONN. GEN. STAT. § 46a-81p.
8. The Commission does not have jurisdiction over the complaint because another agency has exclusive jurisdiction.
9. There is another legal basis to exempt the Respondent from the CHRO's jurisdiction, such as is found in CONN. GEN. STAT. §§ 46a-66(b), 46a-81f(b), 46a-81q or other provision.

    (x) Respondent is not exempt.

    ( ) Respondent is exempt and the complaint should be dismissed because:

**MERIT ASSESSMENT STANDARD 4 – Is there no reasonable possibility that investigating the complaint will result in a finding of reasonable cause?**

This standard requires the CHRO to examine the complaint, answer, Schedule A responses, rebuttal and other documents in the file. For a complaint to be dismissed, the complainant and respondent must agree as to each material allegation of the complaint. If the complainant and respondent disagree as to a material allegation, the complaint must be retained for investigation. Cases requiring credibility determinations

must not be dismissed. An explanation as to why credibility determinations do not need to be made or additional comparative or other evidence sought must be provided for any complaint dismissed under this Standard.

    (x) The case should be retained for investigation.

    ( ) There is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause, as:

        ( ) No credibility decisions must be made. There are no material issues in dispute. No additional relevant comparative or other evidence is needed to resolve this case.

If there is no reasonable possibility, dismissal is proper under Standard 4 because:

## DISPOSITION:

(x) The complaint is retained for investigation.

( ) The complaint is dismissed because:

    ( ) a. It failed to state a claim for relief; and/or

    ( ) b. It is frivolous on its face; and/or

    ( ) c. The respondent is exempt; and/or

    ( ) d. There is no reasonable possibility that further investigation will result in a finding of reasonable cause.

## REQUEST FOR RECONSIDERATION

If this complaint was dismissed, the complainant may apply for reconsideration. A request for reconsideration must be in writing and filed with the regional office listed below within 15 days from the mailing of this review. The date of mailing will usually be the date at the end of this letter. **Untimely requests will not be considered**. The request should state the specific grounds upon which the application is based. The Executive Director may reconsider the dismissal of a complaint if:

1) An error of fact or law should be corrected;
2) New evidence has been discovered which materially affects the merits of the case and which, for good reasons, was not presented during the investigation; or
3) Other good cause for reconsideration has been shown.

A copy of the request for reconsideration must be mailed to the respondent or respondent's attorney, if any, at the address listed on the next page of this letter and contain a certification that a copy was mailed.

If reconsideration is not requested, the CHRO will issue a release of jurisdiction, which grants the complainant the right to file a civil action in Superior Court. If reconsideration is requested, the complainant may ask for a release (1) within 15 days of the receipt of notice of the granting or rejecting of reconsideration; or (2) at any time if the request for reconsideration has not been acted upon.

If CHRO denies the request for reconsideration, the complainant may appeal to the Superior Court. Any appeal must strictly comply with all statutory requirements. You may wish to consult an attorney regarding the proper filing of an appeal. The CHRO cannot provide legal advice.

Dated: September 30, 2011

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS**
**AND OPPORTUNITIES**

Sincerely,

Rekah Wallace
Regional Manager
Commission on Human Rights and Opportunities
West Central Region
55 West Main St., Suite 210
Waterbury, CT 06702

## COMPLAINT

Martin J. Donovan
7 Cobble Stone Court
Naugatuck, CT 06770

## COMPLAINANT'S REPRESENTATIVE

William S. Palmieri, Esq.
129 Church St., Suite 405
New Haven, CT 06510

## RESPONDENT

Yale University
333 Cedar St.
New Haven, CT 06510

## RESPONDENT'S REPRESENTATIVE

Jonathan E. Clune, Associate General Counsel
Office of the Vice President and General Counsel
Whitney Grove Square
2 Whitney Ave – 6th Floor
P.O. Box 208255
New Haven, CT 06520-8255

# EXHIBIT B

01/17/2012 10:22 FAX 860 246 5068          CHRO / ASD                                     ☒002/002

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Martin J. Donovan
COMPLAINANT

vs.                                                              DATE: January 17, 2012

Yale University
RESPONDENT

CHRO Case No. 1130421
EEOC No. 16A-2011-01108

### RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

*[signature]*

Robert J. Brothers, Jr.
Executive Director

cc: Complainant's Attorney William Palmieri by email to: wpalmieri@hotmail.com

Respondent's Attorney Jonathan Clune by fax to: 203-432-7960