UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN J. DONOVAN | : |
| Plaintiff | : CIVIL ACTION NO.: |
| | : 3:12 CV00549 (VLB) |
| vs. | : |
| YALE UNIVERSITY | : |
| Defendant | : JUNE 27, 2013 |

### REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR RELIEF FROM ORDER AND MOTION FOR FEES AND COSTS

In his Objection to Motion for Relief from Order and Motion for Fees and Costs, the plaintiff claims that the defendant has made misrepresentations of facts. However, the defendant has not done so.

The defendant does not dispute the April 30, 2013 e-mail exchange between Attorney Colleen Noonan Davis and plaintiff's counsel. In fact, the defendant recounted that e-mail exchange in its Statement of Undisputed Facts dated May 10, 2013. In his response to Attorney Davis' April 30, 2013 e-mail, plaintiff's counsel indicated that he did not agree with the inclusion of (1) the date that the plaintiff received notice that he was terminated from his position as Clinical Administrator in the Department of Ophthalmology, that he was temporarily assigned to the Medical School Financial Operations, and that his employment with the defendant would terminate at the end of the 90 day temporary assignment; or (2) the date of the first extension of the plaintiff's

termination date.[1]  See, Exhibit C to Pl.'s Obj. to Mot. for Relief from Order and Mot. for Fees and Costs.  Notably, plaintiff's counsel did not object to the date of the second extension of the plaintiff's termination date.  It is inconceivable that the date on which the plaintiff received notice of his termination is irrelevant to the Court's determination of its jurisdiction over this matter because "the 180-day statute of limitations period for filing a CHRO charge runs not from the effective date of the adverse action complained of but from the date on which the plaintiff received notice of that action."  Santiago v. Owens-Illinois, Inc., 477 F.Supp.2d 493, 497 n. 2 (D.Conn. 2007) (Arterton, J.).  In addition, the plaintiff cannot dispute the accuracy of the statements contained in Paragraph 1 of the proposed Joint Statement of Undisputed facts because he alleges those same facts in Paragraphs 49 through 51 of his Complaint.  Similarly, the plaintiff cannot dispute the accuracy of the statements contained in Paragraph 2 of the proposed Joint Statement of Undisputed Facts because he alleges in Paragraph 53 of his Complaint that the defendant "extended the plaintiff's termination date to February 28, 2011."

On May 1, 2013, Attorney Davis e-mailed plaintiff's counsel explaining the relevance of the dates contained in Paragraphs 1 and 2 of the proposed Joint

---

[1] Plaintiff's counsel also objected to the inclusion of a calculation of 180 days from August 23, 2010 in Paragraph 5 of the proposed Joint Statement of Undisputed Facts.  Had plaintiff's counsel only objected to that paragraph, defense counsel would have removed it, as the Court is fully capable of determining the 180th day from the day that the plaintiff received notice of his termination.

Statement of Undisputed Facts and invited plaintiff's counsel to inform her of any inaccuracies of those dates.[2] Attorney Davis never received a response to the May 1, 2013 e-mail. Consequently, the defendant filed a Statement of Undisputed Facts on May 10, 2013.

In response to the Court's May 22, 2013 order, Attorney Davis wrote plaintiff's counsel on May 23, 2013 and again included a proposed Joint Statement of Undisputed Facts.[3] After receiving no response to that letter, defense counsel moved for relief from the Court's orders.[4]

The defendant has made no misrepresentations to the Court. The plaintiff refuses to include relevant dates in the Joint Statement of Undisputed Facts, despite the fact that he has not objected to the accuracy of those dates. Plaintiff's counsel never responded to defense counsel's May 1, 2013 e-mail or May 23, 2013 letter. Therefore, the plaintiff's Objection to Motion for Relief from Order should be overruled and his Motion for Fees and Costs should be denied.

---

[2] A copy of the May 1, 2013 e-mail from Attorney Davis to plaintiff's counsel is attached hereto as Exhibit 1.

[3] A copy of the May 23, 2013 letter and the enclosed Joint Statement of Undisputed Facts is attached to the Motion for Relief from Order as Exhibit A.

[4] Defense counsel notes that, as explained in the Motion for Relief from Order, the Joint Statement of Undisputed Facts attached as part of an exhibit to the Motion for Relief from Order was one which Attorney Davis sent to plaintiff's counsel on May 23, 2013. Defense counsel did not intend to suggest that plaintiff's counsel agreed to those facts. Indeed, the signature line for plaintiff's counsel is blank.

THE DEFENDANT
YALE UNIVERSITY

BY:   /s/ Patrick M. Noonan (#ct00189)
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing Reply to Plaintiff's Objection to Motion for Relief from Order and Motion for Fees and Costs was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan